IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

JIMMY SALCEDO,

        Defendant.
_____/

CIV. NO. S-11-0233 EJG
CR. NO. S-08-0242 EJG

ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

Defendant, a federal prisoner proceeding *pro se*, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. After reviewing the record, the documents filed in connection with the motion and the applicable law, the court has determined the motion may be decided without an evidentiary hearing because the files and records of the case affirmatively show the factual and legal invalidity of defendant's arguments. Shah v. United States, 878 F.2d 1156, 1158-59 (9th Cir. 1989). For the reasons that follow, the motion is DENIED.

1

## Background

On November 14, 2008, defendant pled guilty without an agreement to one count of illegal reentry by a previously deported alien, in violation of 8 U.S.C. § 1326(a). He was sentenced June 1, 2009 to a term of 77 months incarceration and a three year term of supervised release. His conviction and sentence were affirmed on appeal in a memorandum decision filed July 19, 2010.

## Discussion

In the instant motion for post-conviction relief, defendant raises the identical issues raised in his direct appeal, namely, whether the court incorrectly calculated his criminal history category, whether the court failed to consider unwarranted sentencing disparity, and whether the sentence was substantively reasonable. To all of these questions, the Ninth Circuit answered "no". As the government points out, issues previously raised and decided on appeal may not be relitigated in section 2255 motions. Conceding this point of law, defendant takes a different tack in his reply brief, suggesting that his conviction was the product of numerous constitutional violations, including ineffective assistance of counsel and due process. However, beyond the mere mention of these rights defendant does not articulate either facts or circumstances in which his rights were violated. A bare bones assertion of a violation is insufficient to state a claim for post-conviction relief.

## Conclusion

1. The motion to vacate, set aside or correct sentence is DENIED.

2. The Clerk of Court is directed to close the companion civil case CIV. No. S-11-0233 EJG.

IT IS SO ORDERED.

Dated: May 10 , 2011

/s/ Edward J. Garcia
Edward J. Garcia
U. S. DISTRICT JUDGE